A07A0157. HILL v. THE STATE.
(646 SE2d 718)

ANDREWS, Presiding Judge.

A jury found Edward Hill guilty of vehicular homicide and other crimes in connection with a cocaine-fueled rampage that killed two people. On appeal, Hill argues that the evidence was insufficient; that the trial court erred when it denied his motions for mistrial, delivered the charge on vehicular homicide, and sentenced him on the basis of all eight crimes; and that trial counsel was ineffective. We affirm his convictions, but vacate portions of his sentence and remand for resentencing.

Viewed in the light most favorable to the jury's verdict, the record shows that on the evening of June 28, 2003, Edward Hill and his estranged wife were smoking crack in her Cobb County hotel room when they began to argue. Hill's wife asked him to leave, but Hill locked himself in the bathroom for 20 minutes. When the wife

threatened to call the police, Hill emerged from the bathroom, left the room in a rage, and drove away in a white Ford pickup.

That same evening, a man was driving a 1999 gold Saturn on Bolton Road when a white pickup truck came up very fast, struck his car from behind, and continued to push the Saturn at a speed of 90 miles an hour for over a mile. The white pickup then passed the Saturn and sped away. Between 7:00 and 8:00 p.m. on the same evening, a woman was crossing Bankhead Highway in the crosswalk when she was struck by a white Ford pickup. The woman saw the speeding truck strike a burgundy car, causing the latter to strike a silver car. Another man was sitting at a red light at the same intersection when he observed a white Ford pickup speed up behind him on the right, pass by him, and collide with a burgundy car, which collided in turn with a silver Chevrolet. Police officers arriving on the scene found one woman lying ten feet from the burgundy car and another trapped inside. The first victim died at the scene, and the second after reaching the hospital. The driver of the Saturn, the pedestrian, a police officer, and a paramedic all identified Hill as the man found slumped over on the front driver's side of the pickup. A jury later found Hill guilty of two counts of first degree vehicular homicide (reckless driving) and two additional counts of first degree vehicular homicide (DUI), as well as reckless driving, running a red light, DUI, and failure to exercise due care.[1] The trial court convicted Hill and sentenced him to fifteen years to serve on the first three vehicular homicide counts, fifteen years with ten to serve on the fourth vehicular homicide count, running consecutively with the first three, and twelve months to serve on the last four counts, running concurrently. Hill's motion for new trial was denied.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The same standard applies to our review of a defendant's motion for a directed verdict of acquittal. *Williams v. State*, 237 Ga. App. 814, 815 (1) (515 SE2d 875) (1999).

---

[1] See OCGA §§ 40-6-393 (a) (defining vehicular homicide in the first degree as causing "the death of another person" through either reckless driving or driving under the influence); 40-6-390 (reckless driving); 40-6-391 (DUI); 40-6-20 (red light); 40-6-93 (failure to exercise due care).

1. The questions whether the acts testified to amounted to reckless driving and whether such driving caused the death of the two women in the burgundy car were for the jury. We have reviewed the record and hold that the evidence was sufficient to deny Hill's motion for directed verdict. See *Sanders v. State*, 258 Ga. App. 16, 18 (1) (572 SE2d 712) (2002) (affirming conviction for reckless vehicular homicide); *Winston v. State*, 270 Ga. App. 664, 666 (1) (b) (607 SE2d 147) (2004) (evidence supporting conviction for reckless driving also supported conviction for failure to exercise due care).

2. In addition to the general grounds, Hill contends that the trial court erred when it denied his two motions for a mistrial.

(a) On direct examination, Hill's ex-wife volunteered that her threat to call the police succeeded in getting Hill to leave the bathroom because "he was out on bond in Cobb County for an incident." The trial court immediately halted the examination, and Hill announced that he "[had] a motion." After the trial court excused the jury, Hill moved for a mistrial on the ground that his character had been put into evidence. The prosecutor noted that she had not known about Hill's bond status and had not elicited the testimony, and asked for a curative instruction. The court agreed, instructed the jury "to completely disregard" the statement, and noted Hill's objection notwithstanding the instruction.

The decision to grant a mistrial based upon improper character evidence rests within the trial court's discretion. *Dukes v. State*, 273 Ga. 890, 892 (3) (b) (548 SE2d 328) (2001). "When a witness improperly testifies about a defendant's prior convictions, thereby placing the defendant's character in evidence, curative instructions given by the trial court may be a proper and adequate remedy." Id. Here, Hill's ex-wife's reference to his status on bond "appears to have been inadvertent and was not the result of improper questioning by the State," id. at 893, and the curative instruction was sufficiently prompt and clear. Under these circumstances, the court did not abuse its discretion when it denied the motion for mistrial. Id.

(b) Hill also moved for a mistrial when Hill's ex-wife referred to the "drug problem" she shared with her husband. When the court denied the motion, Hill asked for a curative instruction, which the court gave. Hill himself requested the instruction and did not object after it was given. He has thus waived any error for purposes of appeal. *Pless v. State*, 260 Ga. 96, 98 (2) (390 SE2d 40) (1990).

3. Hill next contends that the trial court erred when it delivered the charge on vehicular homicide. Specifically, Hill complains that when the trial court instructed the jury that if it found Hill guilty of either DUI or reckless driving, that finding would bar a verdict for second degree vehicular homicide, the trial court "disallowed" a finding of guilt on the lesser offense. We disagree.

After specifying second degree vehicular homicide as a lesser included offense of first degree vehicular homicide, the trial court continued:

> [If] you find the defendant guilty of reckless driving or driving under the influence or both, a verdict of homicide in the second degree would not be consistent with the statute regarding [vehicular] homicide in the second degree. If you do not believe beyond a reasonable doubt that [Hill] is guilty of homicide by vehicle in the first degree but do believe beyond a reasonable doubt that [he] is guilty of homicide by vehicle in the second degree, then you would be authorized to find [him] guilty of homicide by vehicle in the second degree. . . . If you do not believe that [Hill] is guilty of either of these offenses[,] or if you have any reasonable doubt as to [his] guilt, then it would be your duty to acquit [him].

There was no error in the charge as given, since it correctly implied that *if* the jury concluded that Hill was guilty of either DUI or reckless driving, and *if* the jury *also* found Hill guilty of vehicular homicide, it followed that Hill must be guilty of first degree, and not second degree, vehicular homicide. See OCGA § 40-6-393 (a); *Steele v. State*, 275 Ga. App. 651, 656 (3) (621 SE2d 606) (2005) (approving charge concerning first degree vehicular homicide).

4. Hill also contends that the trial court erred when it failed to merge (a) the DUI vehicular homicide counts into the reckless vehicular homicide counts, and (b) the due care and red light counts into the reckless driving count.

(a) At the hearing on Hill's motion for new trial, the parties agreed that the trial court should merge DUI vehicular homicide (Counts 3 and 4) into reckless vehicular homicide (Counts 1 and 2). This is correct, since Hill could "be convicted only once for the death of each victim." *Diamond v. State*, 267 Ga. 249, 251 (3) (b) (477 SE2d 562) (1996) (where defendant was convicted of three counts of felony murder and three counts of DUI vehicular homicide, the latter were vacated by operation of law). The State also concedes that Hill's reckless driving, red light, and less safe DUI convictions (Counts 5, 6, and 7) should merge into the reckless vehicular homicide convictions. See *Harris v. State*, 272 Ga. App. 366, 373-374 (6) (612 SE2d 557) (2005) (as lesser included offenses, DUI and reckless driving convictions merge into vehicular homicide conviction); *Hamby v. State*, 256 Ga. App. 886, 888 (3) (570 SE2d 77) (2002) (due care conviction merges into vehicular homicide conviction).

(b) Count 5 of the indictment charged that Hill's reckless driving — including running a red light, going too fast for conditions, and

failing to exercise due care — caused the collision with the burgundy vehicle containing the two women who later died. Count 8 charged that Hill's failure to exercise due care, including his failure to sound his horn, caused him to strike the female pedestrian. The acts leading to these two charges involved different facts and different victims. Each of the crimes was therefore "established by proof of an additional fact not at issue in the other crime[ ]." *Drinkard v. Walker*, 281 Ga. 211, 217 (636 SE2d 530) (2006). It follows that they do not merge for sentencing purposes. See *Harris*, supra, 272 Ga. App. at 373 (6) (serious injury by motor vehicle convictions do not merge into vehicular homicide conviction where five different and surviving victims were involved in the former); *Hamby*, supra, 256 Ga. App. at 888 (3) (affirming trial court's refusal to merge conviction for speeding into vehicular homicide conviction).

After these operations of law, then, Hill stands convicted of two felony counts of reckless vehicular homicide (Counts 1 and 2) and one misdemeanor count of failing to exercise due care (Count 8). The trial court sentenced Hill to fifteen years to serve, running concurrently, on the two reckless vehicular homicide counts. However, the trial court also sentenced Hill to 12 months to serve concurrently on Counts 5 through 8, all of which involved misdemeanors. Because the misdemeanor sentence was based in part on convictions that merged with the reckless vehicular homicide counts, and because the trial court never vacated Hill's convictions for Counts 3 through 7, we vacate the relevant portions of Hill's sentence and remand the case to the trial court for sentencing in accordance with this opinion. See *Kemper v. State*, 251 Ga. App. 665, 666-667 (2) (555 SE2d 40) (2001) (vacating sentence and remanding for resentencing when convictions merged).

5. Finally, Hill contends that trial counsel was ineffective when he failed to object to (a) the prosecutor's statement in closing argument that "[t]he State does not proceed against somebody who is involved in an accident," and (b) improper sentencing. We disagree.

(a) At the hearing on Hill's motion for new trial, counsel testified that he made a strategic decision not to object to this portion of the prosecutor's closing argument. We will not second guess such a decision when it was reasonably calculated to avoid drawing the State's attention to refuting Hill's accident defense. See *Stansell v. State*, 270 Ga. 147, 149-150 (2) (510 SE2d 292) (1998).

(b) Division 4 above vacates those portions of Hill's sentence relevant to his claim of ineffective assistance. This claim is therefore moot.

*Judgment of convictions affirmed, sentence vacated in part and case remanded for resentencing. Ellington and Adams, JJ., concur.*

DECIDED MAY 23, 2007.

*Charles H. Frier*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, for appellee.