## A07A1528. RHINES v. THE STATE.
(653 SE2d 500)

MIKELL, Judge.

Under an indictment issued October 22, 2003, Richard W. Rhines, Rayford A. McKenzie, and Mark S. Streetman were charged with kidnapping with bodily injury (Count 1), aggravated assault "with a . . . weapon . . . resembling a firearm" (Count 2), aggravated assault with a knife (Count 3), false imprisonment (Count 4), terroristic threats (Count 5), and possession of a knife during the commission of a felony (Count 6). Rhines was also accused of two violations of the Georgia Controlled Substances Act (Counts 7 and 8), but these counts were dismissed before trial. After Rhines's motion to sever was granted, he was tried before a jury on the remaining counts of the indictment and was found guilty of simple assault (a lesser included offense under Count 2), aggravated assault with a knife (Count 3), false imprisonment (Count 4), and possession of a knife during the commission of a crime (Count 6). He was acquitted as to Counts 1 (kidnapping with bodily injury) and 5 (terroristic threats). Rhines appeals the denial of his motion for new trial, alleging that the evidence was insufficient to convict him of aggravated assault with a knife under Count 3 and that the trial court erred by failing to declare a mistrial after a witness for the state placed harmful evidence of Rhines's character into evidence at trial.

1. Rhines challenges the sufficiency of the evidence as to his conviction for aggravated assault with a knife under Count 3 of the indictment.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia,*[1] and does not weigh the

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

evidence or determine witness credibility.[2]

"The standard of *Jackson v. Virginia* is met if the evidence is sufficient for any rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crime charged."[3]

Properly viewed, the evidence shows that after work on Friday, August 15, 2003, Rhines and the victim, Tracy Foxworth (one of Rhines's employees), spent the evening drinking and playing pool. At the end of the evening, Foxworth drove Rhines home in Rhines's white van, but the next day Foxworth failed to show up for work as expected. Instead, Foxworth went on a crack cocaine and alcohol binge over the weekend. In order to obtain funds to purchase drugs, Foxworth pawned tools and other items in the van.

On Monday, August 18, 2003, Rhines caught up with Foxworth and offered to get him treatment for his drug addiction. Instead of seeking treatment for Foxworth, however, Rhines, along with McKenzie and Streetman, who also worked for Rhines, proceeded to go to various pawn shops in an effort to recover the tools pawned by Foxworth. Rhines became increasingly angry and threatened to kill Foxworth. Rhines directed Streetman to drive the van to a wooded area, where Rhines took Foxworth into the woods, out of sight of Streetman and McKenzie. There Rhines struck Foxworth with a hammer and a pistol and also kicked him repeatedly. Foxworth's screams of pain were heard by Streetman and McKenzie, who were waiting back at the van. Foxworth was in fear of his life, but then Streetman called out, warning that a truck was coming down the road, and Rhines brought Foxworth back to the van. With Foxworth in the back of the van, Streetman, McKenzie, and Rhines eventually drove to a CVS Pharmacy, where McKenzie held a knife on Foxworth in the van while Rhines and Streetman went inside the pharmacy to purchase duct tape with which to restrain Foxworth. Rhines and McKenzie then tied Foxworth up with duct tape and bungee cords and left him alone in the van while Rhines, McKenzie, and Streetman went inside a restaurant. At this point, Foxworth was able to escape his bonds. He fled to a nearby Lowe's, where he asked employees to summon police.

In support of his argument that the evidence was insufficient to support his conviction, Rhines points to conflicts between the testimony given by Foxworth and that given by McKenzie. Any alleged

---

[2] (Citation omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

[3] *McClendon v. State*, 287 Ga. App. 238 (1) (651 SE2d 165) (2007), citing *Clark v. State*, 275 Ga. 220, 221 (1) (564 SE2d 191) (2002).

conflicts in the testimony, however, were resolved by the jury adversely to Rhines in determining Rhines's guilt. "Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, we must uphold the jury's verdict."[4]

The evidence adduced at trial showed that McKenzie and Streetman had both repeatedly struck Foxworth and Rhines had both struck Foxworth and threatened his life; that Rhines and Streetman entered the CVS Pharmacy to buy duct tape and left Foxworth alone with McKenzie outside in the van; and that, while alone with Foxworth, McKenzie had a knife either in his hand or on his lap "where he could get it" — and where Foxworth could see it. This evidence authorized the jury reasonably to conclude beyond a reasonable doubt that McKenzie committed aggravated assault[5] with a knife and that Rhines was a party to this crime.[6]

Rhines asserts in his brief that McKenzie was acquitted of aggravated assault in a separate trial. However, "[t]he acquittal of one party to a crime does not bar the prosecution and conviction of another party to the crime in a separate and distinct trial of the issues."[7] Under OCGA § 16-2-21, "[a]ny party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto, although the person claimed to have directly committed the crime . . . has been acquitted."

2. In his second enumeration of error, Rhines argues that his motion for mistrial should have been granted after his character was placed in issue by the state's witness. Although testimony as to the character of the accused is generally inadmissible under OCGA § 24-2-2,

> [w]hether to grant a mistrial based on improper character evidence is within the discretion of the trial judge. In reviewing the trial court's decision, an appellate court may consider the nature of the statement, the other evidence in

---

[4] (Citations omitted.) *Rankin,* supra; accord *Strong v. State,* 265 Ga. App. 257, 258 (593 SE2d 719) (2004).

[5] OCGA § 16-5-21 (a) (2).

[6] OCGA §§ 16-2-20; 16-2-21. See, e.g., *Millender v. State,* 286 Ga. App. 331, 332 (1) (648 SE2d 777) (2007); accord *Smith v. State,* 258 Ga. 181, 183 (3) (366 SE2d 763) (1988).

[7] *Eades v. State,* 232 Ga. 735, 738 (4) (208 SE2d 791) (1974).

the case, and the court's and counsel's actions in dealing with the impropriety.[8]

Rhines complains of the following testimony, given by Streetman on redirect examination:

> Q. Now, did — did Rhines know — before this weekend and this Monday the 18th did Rhines know that Foxworth had an issue with crack previously or drug — you know, drug addiction issues or anything like that?
> A. Yeah, they knowed [sic] because they'd been out doing crack theirself [sic].

Defense counsel immediately objected and, out of the presence of the jury, moved for a mistrial. The trial court ruled that Streetman's answer was unresponsive to the question posed by state's counsel; that state's counsel had no knowledge of any allegation that Rhines and Foxworth had smoked crack cocaine together; and that state's counsel had no way of anticipating that such a response would be forthcoming. The trial court denied the motion for a mistrial and gave curative instructions to the jury upon their return.

> Where a witness injects the defendant's character into issue by referring to a prior act of misconduct in an answer not responsive to the question asked and the trial court instructs the jury to disregard the unresponsive answer, it is not error for the trial court to deny a motion for mistrial.[9]

The curative instruction given here was sufficiently prompt and clear, and the trial court did not abuse its discretion in denying Rhines's motion for a mistrial.[10] Moreover, Rhines waived any error for purposes of appeal by failing to renew his motion for mistrial after the curative instruction was given.[11]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

---

[8] (Punctuation and footnote omitted.) *Salgado v. State*, 268 Ga. App. 18, 21 (2) (601 SE2d 417) (2004).

[9] (Citations omitted.) *Fulton v. State*, 278 Ga. 58, 62 (6) (597 SE2d 396) (2004).

[10] See, e.g., *Hill v. State*, 285 Ga. App. 503, 505 (2) (a) (646 SE2d 718) (2007) (testimony that defendant was " 'out on bond' "); accord *Dukes v. State*, 273 Ga. 890, 892 (3) (b) (548 SE2d 328) (2001) (testimony that defendant "was incarcerated 22 years") (punctuation omitted).

[11] *Hill*, supra at 505 (2) (b).

DECIDED OCTOBER 11, 2007 —
RECONSIDERATION DENIED OCTOBER 30, 2007.

*Thomas A. Camp*, for appellant.
*Kenneth W. Mauldin*, District Attorney, *Brian V. Patterson*, Assistant District Attorney, for appellee.