A08A0347. GARTRELL v. THE STATE.
(660 SE2d 886)

MIKELL, Judge.

Following a jury trial, Vince Gartrell was convicted of aggravated assault, aggravated assault on a peace officer, obstruction of a law enforcement officer, interference with government property, and criminal trespass. The court sentenced Gartrell as a recidivist to fifteen years, with ten to be served in confinement and the balance on probation. On appeal from the denial of his amended motion for new trial, Gartrell contends that the evidence was insufficient to support his convictions and that the trial court erred in denying his motion for a mistrial following the introduction of evidence that purportedly placed his character in evidence. We affirm.

Viewed in the light most favorable to support the jury's verdict, the record reflects that on December 16, 1996, Gartrell got into an argument with Maynard Robinson over money allegedly loaned between the two men. The argument turned into a shoving match and then Gartrell hit Robinson with a stick; grabbed his cane; pushed him to the ground; stomped on his chest; kicked the glass out of the passenger window of Robinson's car; and then attacked the car with a stick. Robinson went to a nearby house and called the police. When Robinson returned, Gartrell punched him and threatened to kill him with a two-prong fork.

When Officer Marion Bradford arrived on the scene, Gartrell confronted him and ripped off his shirt in an intimidating manner. Gartrell screamed at Bradford and walked away from him, but then turned around and threatened to hit Bradford with an axe handle he

[19] OCGA § 16-1-6 (1).
[20] OCGA § 16-1-6 (2).

was carrying. Bradford sprayed Gartrell with pepper spray and then wrestled with him until backup arrived. Deputies Willie Zellars and Darryl Bentley and Investigator Jim Wallen arrived to assist Bradford in handcuffing Gartrell. Gartrell continued fighting with the officers as they tried to place him in a patrol car and kicked Wallen in the knee. Once in the patrol car, Gartrell kicked out a window and climbed out. Gartrell was put back in the patrol car and transported to jail.

Gartrell testified at trial that Robinson hit him with his cane and cut him across the back with a knife and that he threw Robinson on the ground and hit him in self-defense. Gartrell also testified that he resisted Bradford's attempts to arrest him and struggled with the officers, but that he never assaulted Bradford with an axe handle or threatened to kill him. He further admitted to damaging Robinson's vehicle and the patrol car, but could not recall kicking Wallen.

1. Although Gartrell contends that the evidence was insufficient to support his convictions, he fails to provide the applicable standard of review, and provides no argument, citation of authority, or citations to the record to support his position. While Gartrell has abandoned this enumeration of error under Court of Appeals Rule 25 (c) (2),[1] we have nonetheless reviewed the record and find sufficient evidence to authorize the convictions.[2] Gartrell admitted obstructing officers, and damaging a government patrol car and Robinson's vehicle. As to the remaining two charges, even though Gartrell denied assaulting Robinson and Bradford, the jury was authorized to reject his testimony in favor of Robinson's and Bradford's. The evidence presented was more than sufficient to find Gartrell guilty of the charged crimes under the standard set forth in *Jackson v. Virginia*.[3] Accordingly, this enumeration of error is without merit.

2. Gartrell additionally argues that the trial court erred in denying his motion for a mistrial based on evidence that impermissibly placed his character in issue by implying that he is known to law enforcement because of prior criminal activity. We disagree.

The record shows that when the state asked Bradford whether he knew Gartrell, Bradford responded "Not personally, personally but, I mean as in law enforcement as far as his history . . . [y]es, I knew who he was." Defense counsel immediately objected and moved for a mistrial. The state explained that everyone in Lincoln County knew of Gartrell because of his high school football accomplishments, and that Bradford was likely referring to this history.

---

[1] See *Slmbey v. State*, 288 Ga. App. 717-718 (655 SE2d 223) (2007); *Mayo v. State*, 277 Ga. App. 282, 284 (1) (b) (626 SE2d 245) (2006).

[2] See *Clark v. State*, 285 Ga. App. 182, 183 (1) (645 SE2d 671) (2007).

[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The trial court instructed the jury to disregard the testimony and then Bradford testified that he knew Gartrell because of his reputation as "an extremely outstanding football player [for Lincoln County]" and that he had talked to him one week before the incident and that "he is a really nice guy."

> [W]hether to grant a mistrial based on improper character evidence is within the discretion of the trial judge. In reviewing the trial court's decision, an appellate court may consider the nature of the statement, the other evidence in the case, and the court's and counsel's actions in dealing with the impropriety.[4]

Bradford's testimony did not specifically indicate that Gartrell had any sort of criminal record. Moreover, the trial court gave an adequate curative instruction and Bradford clarified that he knew Gartrell to be a "nice guy" and an outstanding football player. Under these circumstances, the trial court did not abuse its discretion when it denied Gartrell's motion for a mistrial.[5] Even if we were to find error in this regard, such error was harmless given the overwhelming evidence of Gartrell's guilt.[6]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 10, 2008.

*Sara E. Meyers, Harold W. Wallace III*, for appellant.

---

[4] (Footnote omitted.) *Rhines v. State*, 288 Ga. App. 128, 130-131 (2) (653 SE2d 500) (2007). See also *Richardson v. State*, 275 Ga. App. 320, 322 (2) (620 SE2d 522) (2005).

[5] See, e.g., *Walker v. State*, 282 Ga. 703, 704-705 (2) (653 SE2d 468) (2007) (testimony that implied defendant associated with criminals did not improperly place his character in evidence); *Taylor v. State*, 279 Ga. 706, 706-707 (2) (620 SE2d 363) (2005) (officer's reference to prior police report as source of defendant's identity in present incident was not elicited by the state and did not directly implicate defendant in criminal activity); *Isaac v. State*, 269 Ga. 875, 877-878 (5) (505 SE2d 480) (1998) (passing reference to "probation" and defendant's record did not place defendant's character in issue); *Sims v. State*, 268 Ga. 381, 382 (2) (489 SE2d 809) (1997) (no error where officer's testimony that defendant was arrested when he came to see his probation officer in unrelated incident was inadvertent and trial court promptly gave curative instruction); *Smith v. State*, 235 Ga. App. 134, 138-139 (3) (508 SE2d 490) (1998) (no error where officer's testimony that he had "previous experience" with defendant was inadvertent and trial court promptly gave curative instruction).

[6] See *Walker*, supra.

*Dennis C. Sanders, District Attorney, Rindi L. Harbeson, Assistant District Attorney*, for appellee.