## A09A1710. PATTERSON v. THE STATE.
### (690 SE2d 625)

ADAMS, Judge.

Jason Patterson appeals after he was found guilty in a bench trial on one count of driving under the influence of alcohol to the extent he was a less safe driver. Patterson argues on appeal that the evidence was insufficient to support his DUI conviction. We affirm.

The evidence showed that on the morning of April 1, 2008, the DeKalb County Police Department received a report of a single car accident, and within three minutes Officer A. T. Quigley responded to the scene. When Quigley arrived, he saw a Jaguar resting against a raised curb, blocking the entrance into an apartment complex. A man later identified as Patterson was slumped over the wheel of the car, which had damage to the driver side axle and wheel. No one else was in the vehicle. The keys were in the ignition, but the car was not running and did not appear driveable due to the damaged axle. Quigley did not feel the hood to see whether it was warm.

When Quigley approached the car, he detected a strong odor of alcohol coming from the open window and saw a beer bottle lying on the passenger side floorboard. Patterson was unresponsive and drooling saliva onto his clothing. Quigley placed smelling salts under his nose to revive him. Patterson awoke but did not answer when Quigley asked him whether he was injured or whether anyone else had been in the car. His only response was to say that he was "fucked up" in a slurred voice. The officer observed that Patterson's eyes were glassy.

After Patterson failed to respond to Quigley's initial request for identification, the officer asked him to get out of the car. Patterson stumbled as he exited the vehicle, going down on one knee, but he was able to get up on his own. Quigley walked Patterson over to the patrol car, and Patterson had to lean on the vehicle to maintain his balance. A short time later, Patterson located his identification card in the car's glove compartment.

Quigley administered the horizontal gaze nystagmus (HGN) test to Patterson, but did not perform any other field sobriety tests due to "safety reasons and [Patterson's] inability to balance." Following this test, Quigley determined that Patterson was an impaired driver based upon the odor of alcohol, his performance on the HGN test, his slurred speech, his glassy eyes and his inability to balance. He then read Patterson the implied consent warning and placed him under

arrest for DUI. Quigley based the arrest on his determination that Patterson was in physical control of the vehicle and that he was a less safe driver and impaired by alcohol.

Patterson asserts that this evidence fails to establish that he was driving or in actual physical control of a moving vehicle as required for a conviction under OCGA § 40-6-391 (a). He argues that his mere presence in the stopped vehicle was insufficient to prove that he was driving under the influence of alcohol, and that no direct evidence exists that he was driving the car.

But a DUI conviction does not require direct evidence; circumstantial evidence can be sufficient.

> [A] conviction for driving or being in actual physical control of a moving vehicle while under the influence of intoxicants may be based on circumstantial evidence. The circumstantial evidence need not exclude every hypothesis save that of guilt, but only *reasonable* hypotheses, so as to justify a finding of guilt beyond a reasonable doubt. We have no yardstick to measure consistency or reasonableness, save the opinion of the [factfinder], whose function it is to determine credibility of witnesses and questions of reasonableness.

(Footnote omitted; emphasis supplied.) *Merritt v. State*, 288 Ga. App. 89, 94 (1) (653 SE2d 368) (2007). See also *Merritt v. State*, 285 Ga. 778, 779 (1) (683 SE2d 855) (2009) (evidence need not "exclude every conceivable inference or hypothesis — only those that are reasonable. [Cit.]").

Here, Quigley found Patterson slumped over the wheel of a wrecked car, which was resting up against a curb and blocking the road. The key was in the ignition. There was no evidence of anyone else in the area who could have driven the vehicle. Patterson was passed out, drooling on himself, and smelling of alcohol. When he awoke, his speech was slurred, his eyes were glassy and he was unable to balance. Although the car was not running when Quigley arrived and he did not see the car moving, "he observed circumstances from which a [factfinder] could infer that [Patterson] was in actual physical control of the car when it was moved to the location where the officer found it, and that [Patterson] was intoxicated . . . while moving it there." (Citation omitted.) *Deering v. State*, 244 Ga. App. 30, 32 (1) (535 SE2d 4) (2000). See also *Jenkins v. State*, 223 Ga. App. 446, 447 (1) (478 SE2d 143) (1996); *Schoicket v. State*, 211 Ga. App. 636, 637 (2) (440 SE2d 65) (1994); *Melendy v. State*, 202 Ga. App. 638 (1) (415 SE2d 62) (1992); *Johnson v. State*, 194 Ga. App. 501, 501-502 (1) (391 SE2d 132) (1990). The trial judge could have

found from this evidence that no other reasonable hypothesis existed for Patterson's presence at the scene other than that he wrecked the car while driving under the influence.

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JANUARY 13, 2010.

*Jennifer W. DeBaun*, for appellant.

*Robert D. James, Jr., Solicitor-General, Andrea D. McGee, Assistant Solicitor-General*, for appellee.