## A10A0459. WRIGHT v. THE STATE.
### (697 SE2d 296)

DOYLE, Judge.

Following a jury trial, Marion Andy Wright appeals his conviction of two counts of first degree homicide by vehicle,[1] two counts of serious injury by vehicle,[2] and driving under the influence of a drug such that he was a less safe driver ("DUI less safe").[3] Wright contends that (1) the evidence was insufficient to support a finding that he drove while impaired, (2) the evidence was insufficient to support a finding that he drove recklessly, (3) the trial court erred by admitting certain similar transaction evidence, and (4) certain charges should have merged for sentencing purposes. For the reasons that follow, we affirm the convictions, vacate the sentence, and remand for resentencing.

Construed in favor of the verdict,[4] the evidence shows that Wright was driving his truck some time after having consumed a combination of methadone, Xanax (containing alprazolam), and Percocet. Wright crossed over the centerline of the road and collided with an oncoming vehicle, killing the driver and injuring the passenger. Wright admitted to an investigating state trooper that he had ingested the drugs. A blood sample taken from Wright tested positive for methadone and alprazolam.

Wright was charged with three counts of vehicular homicide (premised on reckless driving and two DUI theories), three counts of serious injury by vehicle (premised on reckless driving and two DUI theories), and two counts of DUI less safe. Following a jury trial, he was convicted on two counts of vehicular homicide, two counts of serious injury by vehicle, and one DUI less safe count. He now appeals.

1. Wright was convicted of three counts predicated on DUI due to

[1] OCGA § 40-6-393 (a).

[2] OCGA § 40-6-394.

[3] OCGA § 40-6-391 (a) (2).

[4] See *Short v. State,* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

being under the influence of methadone and alprazolam: vehicular homicide, serious injury by vehicle, and DUI itself. Wright contends that the evidence was insufficient to support a finding that he was impaired by the influence of alprazolam and methadone to the extent that he was less safe to drive. We disagree.

> This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[5] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.[6]

Under the *Jackson* standard,

> the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.[7]

Taking this view of the evidence, we conclude that there was sufficient evidence of Wright's impairment. Wright admitted that he took drugs in the time frame leading up to the collision, and lab tests confirmed the presence of methadone and alprazolam in his blood. Further, "this Court has ruled that the commission of a traffic violation can constitute evidence that a driver is impaired,"[8] and there was uncontroverted evidence that Wright's vehicle had crossed into the oncoming lane when the collision occurred. Therefore, in light of the evidence that Wright had taken prescription medications that were still present in his blood at the time of the collision, and in

---

[5] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[6] (Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

[7] (Emphasis in original; citation omitted.) *Jackson*, 443 U. S. at 319 (III) (B).

[8] (Punctuation omitted.) *Yglesia v. State*, 288 Ga. App. 217, 218 (653 SE2d 823) (2007).

light of evidence that Wright committed a traffic violation by unsafely crossing the centerline of the roadway,[9] the jury was authorized to find that Wright was impaired.[10]

2. Wright contends that the evidence was insufficient to support a finding that he drove recklessly, which finding was the premise for one vehicular homicide count and one serious injury by vehicle count. We disagree.

In order to prove that Wright drove recklessly, the State had to show that he drove his vehicle "in reckless disregard for the safety of persons or property."[11] At trial, the evidence showed that Wright crossed the centerline and drove into oncoming traffic in an area described by the investigating state trooper as "an intersection on top of the hill crest . . . approaching the hill crest right at a dangerous intersection." Based on this evidence, the jury was authorized to find that Wright drove recklessly.[12]

3. Wright next contends that the trial court erred in allowing similar transaction evidence revealing that Wright had been pulled over for straddling the centerline and discovered to be in possession of marijuana and that he failed to appear for a court date in connection with those misdemeanor charges. Pretermitting whether admission of the evidence was error, we conclude that any error was harmless.

Wright does not challenge evidence of five other similar transactions showing that he was (1) convicted of DUI after he weaved over the centerline, appeared intoxicated, and admitted taking prescription drugs, (2) arrested for DUI because he was seen driving shortly after stumbling in a parking lot and admitted with slurred speech that he had taken prescription medication, (3) convicted of DUI because he weaved on the roadway, was unsteady on his feet, and admitted taking methadone, (4) arrested for DUI because he weaved on the roadway, was unsteady on his feet, and admitted taking methadone and another prescription drug, and (5) convicted of DUI after weaving on the roadway and admitting to taking two prescription drugs.

All of this evidence was admitted for the purpose of showing Wright's bent of mind to drive less safely while intoxicated on

---

[9] See, e.g., OCGA § 40-6-40 (a) ("a vehicle shall be driven on the right half of the roadway"); OCGA § 40-6-45 (a) (limitations on driving on left of center of roadway).

[10] See *Jackson*, 443 U. S. at 319 (III) (B).

[11] OCGA § 40-6-390 (a).

[12] See *Jackson*, 443 U. S. at 319 (III) (B); *Hill v. State*, 285 Ga. App. 503, 505 (1) (646 SE2d 718) (2007) ("whether the acts testified to amounted to reckless driving . . . [was] for the jury"); *Morrison v. State*, 272 Ga. App. 34, 41 (5) (611 SE2d 720) (2005) (crossing centerline evidence of reckless driving).

drugs,[13] his course of conduct, and his lack of mistake. Immediately prior to the introduction of the evidence, the trial court explained the purpose of the evidence and instructed the jury as to its limited use. Also admitted at that time was the evidence Wright challenges here: that he was observed weaving on the roadway while in possession of marijuana and that he failed to appear at a court hearing connected with the resulting misdemeanor charges. In light of the five unchallenged similar transactions closely mirroring the evidence in this case, we find it highly unlikely that the somewhat attenuated sixth misdemeanor transaction that Wright drove erratically while in possession of marijuana and the evidence he failed to show for a court date, improperly contributed to the verdict in this case. Therefore, any error in its admission was harmless.[14]

4. Wright also challenges his conviction on three counts, arguing that the sentences should have merged. We agree.

Based on the death of the other driver, Wright was convicted of two counts of vehicular homicide predicated on DUI (Count 2) and reckless driving (Count 3). Based on the injury to the passenger, Wright was convicted of two counts of serious injury by vehicle predicated on DUI (Count 5) and reckless driving (Count 6). Finally, Wright was convicted of the DUI less safe charge (Count 8). The trial court imposed sentences for each count.

(a) *Vehicular homicide counts.* Although the State is entitled to charge the same offense in different ways, a vehicular homicide defendant can "be convicted only once for the death of each victim."[15] Here, Wright was found guilty of vehicular homicide for killing the other driver based on both a DUI theory (Count 2) and a reckless driving theory (Count 3), and he was sentenced separately on each count. This was error because the two counts should have merged.[16]

(b) *Serious injury by vehicle counts.* Wright was also sentenced on each of the two serious injury by vehicle counts which were predicated on DUI (Count 5) and reckless driving (Count 6). These should have merged for the same reason.[17]

---

[13] See, e.g., *Reese v. State*, 252 Ga. App. 650, 652 (2) (556 SE2d 150) (2001) ("[e]vidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the defendant has the bent of mind to get behind the wheel of a vehicle when it is less safe for him to do so") (punctuation omitted).

[14] See, e.g., *Tanner v. State*, 243 Ga. App. 640, 643 (2) (533 SE2d 794) (2000) ("error alone is not automatically grounds for a new trial but is subject to scrutiny for harmless error") (punctuation omitted).

[15] (Punctuation omitted.) *Hill*, 285 Ga. App. at 506 (4) (a).

[16] See id.

[17] See id.

(c) *DUI count.* In addition to the vehicular homicide and serious injury by vehicle counts, Wright was convicted of the DUI count which was a predicate of both counts. Because the DUI count was included in those counts it should have merged into the greater offenses.[18]

> [A]lthough a statutory predicate driving offense may be set out as a separate count of the indictment, a defendant may not be convicted of both a lesser included predicate offense and the greater vehicular homicide offense. As we have held, DUI constitutes a lesser included offense of first degree vehicular homicide and therefore merges into the crime of first degree vehicular homicide.[19]

After these operations of law, Wright stands convicted of reckless vehicular homicide and reckless serious injury by vehicle. Because the trial court failed to merge the appropriate counts, we vacate Wright's sentence and remand for resentencing consistent with this opinion.[20]

*Judgment of convictions affirmed, sentence vacated, and case remanded for resentencing. Andrews, P. J., and Ellington, J., concur.*

## DECIDED JUNE 28, 2010.

*Edward H. Brumby, Jr.,* for appellant.
*James B. Smith, District Attorney, Robin R. Riggs, Assistant District Attorney,* for appellee.

---

[18] See id.

[19] (Footnote omitted.) *Leachman v. State,* 286 Ga. App. 708, 710 (649 SE2d 886) (2007).

[20] See *Hill,* 285 Ga. App. at 507 (4) (b).

