## 72481. HAYLES v. THE STATE.
### (350 SE2d 793)

CARLEY, Judge.

Appellant was tried before a jury on an indictment charging him with one count of driving under the influence, one count of vehicular homicide in the first degree by driving under the influence, and one count of following too closely. The jury found appellant guilty of all counts. Appellant appeals from the convictions and sentences entered by the trial court.

1. Appellant urges that the trial court erroneously refused to strike, for cause, an allegedly unqualified potential juror. Because appellant's trial was held in November of 1982, this enumeration is controlled by *Evans v. State*, 222 Ga. 392, 401 (14) (150 SE2d 240) (1966) rather than *Harris v. State*, 255 Ga. 464, 465 (339 SE2d 712) (1986) (limiting the overruling of *Evans* to "trials commencing after the date of publication [of *Harris*] in the advance sheets. . . ."). Under *Evans*, supra at 402, the failure by a defendant to use all of his peremptory strikes renders harmless a trial court's error in refusing to strike an unqualified juror. The instant record shows that appellant had three peremptory strikes remaining at the time the last juror was empaneled. Therefore, the error, if any, was harmless.

2. Over appellant's objection, the trial court admitted into evidence certain photographs which were taken shortly after the collision. Appellant enumerates this evidentiary ruling as error. The contention is that, there being no dispute as to the cause of death of the three-year-old victim, the photographs had little probative value and served only to inflame the jury.

The on-the-scene photographs in question were clearly relevant to show the results of the collision and the cause of the victim's death. Compare *Brown v. State*, 250 Ga. 862, 866 (5) (302 SE2d 347) (1983). "Photographs which are relevant to any issue in the case are admissible even though they may have an effect upon the jury. [Cits.]" *Ramey v. State*, 250 Ga. 455, 456 (298 SE2d 503) (1983). "Moreover, photographs which are material and relevant are not excludable on the ground that the defendant has stipulated to the cause of death. [Cit.]" *Jones v. State*, 253 Ga. 640, 643 (322 SE2d 877) (1984). There was no error.

3. The language of the indictment narrowly charged vehicular

homicide in the first degree by driving under the influence. Appellant requested a charge on vehicular homicide in the second degree by following too closely as a lesser included offense in the crime charged. The denial of appellant's requested charge is enumerated as error. See *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976).

Homicide by vehicle in the first degree and homicide by vehicle in the second degree share the same general elements, to wit: a homicide resulting from the commission of a traffic offense. The only difference between first and second degree vehicular homicide is in the culpability which attaches to the predicate traffic offense. "It seems clear that OCGA § 40-6-393 establishes but one offense of 'homicide by vehicle' and two grades of that offense, to wit: First degree and second degree. The act of causing the death of another by commission of a traffic violation is necessary to constitute the crime in either case. 'The law considers, however, that [causing the death by commission of certain traffic violations] is attended with more immediate and serious consequences than [causing the death by commission of any other traffic offenses]; and therefore it is, that a distinction is made in the punishment. The former constitutes the *offense* with greater enormity.' [Cit.]" (Emphasis in original.) *Rank v. State*, 179 Ga. App. 28, 29 (345 SE2d 75) (1986). "As a matter of law, a crime is 'included' within the offense charged in an indictment if '[i]t differs from the crime charged *only* in the respect that a less serious injury or risk of injury to the same person, property, or public interest or *a lesser kind of culpability suffices to establish its commission.*' OCGA § 16-1-6. [Cit.] In a given case, the potential correlation between [first and second degree vehicular homicide] is, therefore, not dissimilar to that which, for example, may exist between the crimes of murder and involuntary manslaughter. The 'greater' crime may become the 'lesser' offense, not necessarily by the adding or subtracting of elements, but merely by the substitution of another element for that of the [more culpable predicate traffic offense which allegedly caused] the same proscribed act. . . . Therefore, we hold that, as to an indictment for the commission of [vehicular homicide in the first degree], a verdict of guilty of [vehicular homicide in the second degree] may be returned thereon, such a verdict not constituting an unauthorized amendment of the indictment. See OCGA § 16-1-6 (2). Compare *State v. Hightower*, [252 Ga. 220, 222-223 (312 SE2d 610) (1984)]." (Emphasis in original.) *Bowers v. State*, 177 Ga. App. 36, 38-39 (338 SE2d 457) (1985). This would appear to be especially true where, as in the instant case, the very indictment itself alleges the defendant's commission of a less culpable traffic offense as a separate count.

There was evidence in the instant case which, if believed by the jury, would authorize a finding that appellant committed an act of following too closely, a traffic violation "other than" the more culpa-

ble offense of DUI and such as would authorize a finding of guilt of second degree vehicular homicide. OCGA § 40-6-393 (b). Although the evidence authorized the finding that appellant was also DUI at the time, the entirely separate offense of following too closely would not merge into that more culpable traffic offense. The evidence did not, therefore, demand a finding that the DUI was the sole proximate cause of the collision and of the victim's death. Moreover, the inconsistent verdict rule has been abolished in criminal cases. See *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986). Accordingly, there was no evidentiary or legal impediment to the return of a verdict of guilt as to DUI and a verdict of guilt as to second degree vehicular homicide. The trial court erred in refusing to give appellant's request to charge on second degree vehicular homicide. *State v. Stonaker*, supra at 2 (3).

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 30, 1986 —
REHEARING DENIED NOVEMBER 18, 1986

*C. Nelson Jarnagin*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys*, for appellee.