A93A1228. LEFLER v. THE STATE.
(436 SE2d 777)

POPE, Chief Judge.

Defendant Arthur David Lefler appeals his conviction for vehicular homicide in the first degree, driving under the influence and failure to stop at or return to the scene of an accident in violation of OCGA § 40-6-270 (a).

Construing the evidence in the light most favorable to support the verdict, the evidence shows that on October 20, 1990 at approximately 8:00 a.m., a pedestrian was struck and killed by a brown sports car near the intersection of North Avenue and Peachtree Street in Atlanta. The driver of that vehicle fled the scene. At approximately noon that same day, defendant, while driving a brown Datsun 280Z, was arrested for driving under the influence in Cobb County. At the time of his arrest, defendant's blood-alcohol level was .11 grams percent. The windshield on his car was broken, the bumper was damaged and blood, hair and clothing fragments were on both the windshield and the hood. The State presented evidence that the blood, hair and clothing on defendant's car matched that of the victim struck in Atlanta earlier that day. The State also presented evidence that glass fragments found on the victim matched glass from the windshield of defendant's car.

1. We first address defendant's contention the trial court committed reversible error by failing to grant his plea in bar. Defendant contends his prosecution for vehicular homicide and driving under the

influence was barred because jeopardy attached with regard to those crimes when the defendant was convicted of driving under the influence in the Municipal Court of Smyrna prior to being prosecuted in Fulton County Superior Court for the crimes underlying this appeal. OCGA § 16-1-7 (b) provides that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution." "The same conduct" has been used interchangeably with the phrase "the same transaction." *Harrell v. State*, 196 Ga. App. 101, 103 (395 SE2d 598) (1990); see *McCannon v. State*, 252 Ga. 515, 518, n. 5 (315 SE2d 413) (1984). Defendant's prosecution for driving under the influence in the Municipal Court of Smyrna did not arise from the same transaction as the vehicular homicide and driving under the influence charge for which the defendant was prosecuted in Fulton County Superior Court. The offenses were completed at different times and different locations. Furthermore, jeopardy did not attach in this case because there is no single court with jurisdiction over all the crimes. The Fulton County Superior Court does not have jurisdiction over the offense of driving under the influence within the city limits of Smyrna and likewise the Smyrna Municipal Court is without jurisdiction to try the vehicular homicide and driving under the influence charges for conduct occurring within Fulton County. See OCGA § 17-2-2; *Harrell*, 196 Ga. App. at 103. We find no error in the trial court's denial of defendant's plea of double jeopardy.

2. Defendant argues the trial court erred by refusing to charge the jury on the lesser included offense of second degree vehicular homicide. Defendant made a written request to charge on that offense. We agree and reverse the conviction. Defendant was charged with vehicular homicide in the first degree by causing the death of the victim without malice aforethought through the violation of OCGA §§ 40-6-391 and 40-6-390. In this case, as in *Hayles v. State*, 180 Ga. App. 860 (350 SE2d 793) (1986), although there was sufficient evidence to authorize defendant's conviction of vehicular homicide in the first degree in the manner charged, there was also evidence that he committed the separate less culpable traffic offenses of speeding and failing to obey a traffic signal. If the jury believed the offense of vehicular homicide was committed as the result of defendant failing to obey a traffic signal or speeding, they would be authorized to find defendant guilty of second degree vehicular homicide. The evidence did not therefore demand a finding that defendant driving under the influence and/or engaging in reckless driving were the proximate causes of the victim's death. We reject the State's argument that the defendant must be charged with a traffic offense involving less culpable conduct before a charge on vehicular homicide in the second degree is

authorized. Accordingly, the trial court erred in refusing to give defendant's request to charge on second degree vehicular homicide. Id. at 862.

3. We will address those remaining enumerations of error which are capable of repetition on retrial. Defendant argues it was error for the trial court to allow into evidence testimony concerning his arrest in Smyrna later in the day in question for driving under the influence as a similar transaction. We do not agree. In this case a hearing was held in the manner required by *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991). After that hearing the trial court properly concluded the State had met its burden set forth in *Williams* and that the State could present the facts surrounding defendant's arrest for driving under the influence in Smyrna for the purpose of showing defendant's propensity to drive under the influence, a crime with which he was also charged in Fulton County. We find no error in the trial court's ruling under the facts in this case.

4. Defendant asserts the trial court erred in allowing testimony concerning defendant's blood-alcohol level at the time of his arrest in Smyrna, approximately four-and-one-half hours after he allegedly struck the pedestrian in Atlanta. " 'It is well settled that all of the circumstances connected with an accused's arrest are admissible as evidence at trial, even those that establish the commission of another criminal offense.' . . . [Cit.]" *Robinson v. State*, 200 Ga. App. 515, 519 (408 SE2d 820) (1991).

5. Defendant argues the trial court committed reversible error by allowing the State's expert witness to testify about the defendant's blood-alcohol level at 12:30 p.m. and to answer a series of hypothetical questions about what the blood-alcohol level a person of defendant's approximate weight would be at certain times given a certain number of 80 proof alcoholic beverages within a certain time period. The expert's testimony concerning the results of the blood-alcohol test he performed on defendant's blood taken at approximately 12:30 p.m. on the day in question is admissible as part of the similar transaction evidence or as a circumstance surrounding defendant's arrest. The trial court also did not abuse its discretion by allowing the expert to answer the hypothetical questions posed since these questions were based on the evidence presented and were relevant in this case.[1]

6. We have examined defendant's remaining enumerations of error and either find that the enumerations are unlikely to recur upon retrial or that the enumerations are without merit.

---

[1] Although the time frame given in the State's hypothetical questions differed slightly from the evidence presented earlier, when the expert was cross-examined by the defendant, he posed a similar hypothetical question to him using the correct time frame. We presume the jurors remembered the evidence correctly.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 21, 1993.

*Bedford, Kirschner & Venker, T. Jackson Bedford, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Barry I. Mortge, Assistant District Attorneys,* for appellee.