A07A2120. BROWN v. THE STATE.
(652 SE2d 631)

BLACKBURN, Presiding Judge.

Following a jury trial, Jeffrey Reed Brown appeals his conviction on two counts of first degree vehicular homicide, claiming that the court erred in failing to give his written request for an instruction on second degree vehicular homicide. Because evidence showed that the collision may have been caused by Brown's traffic violations of

---

following too closely[1] or failing to maintain his lane[2] (both of which he was also convicted in this case), we are compelled to hold that the court was required to give the requested instruction, and we must therefore reverse.

Construed in favor of the verdict, *Short v. State*,[3] the evidence shows that after drinking seven beers and smoking some marijuana, Brown was driving with his friend on a two-lane road (with the late afternoon winter sunshine in his face) when he failed to perceive a vehicle stopped in his lane that was signaling to turn left. Brown yanked his pickup truck to the left, striking the left rear of the stopped vehicle and then plowing head-on into an oncoming pickup truck in the opposite lane. The two persons in the oncoming truck were killed, and Brown and his passenger were injured and taken to a hospital emergency room. Beyond exhibiting signs of intoxication at the hospital, Brown tested at a 0.258 blood alcohol level during his initial hospital treatment; an hour later, he consented to a state-administered test that showed a level of 0.16.

Brown was indicted on nineteen counts: eight counts of first degree vehicular homicide[4] (two victims and four permutations of DUI:[5] less safe by alcohol, per se, less safe by marijuana, less safe by alcohol and marijuana combined), four counts of serious injury by motor vehicle[6] (same four permutations of DUI), four counts of DUI, one count of possession of marijuana,[7] one count of following too closely,[8] and one count of failure to maintain lane.[9] At trial, the State presented the above evidence of Brown's DUI violations and put on witnesses who testified that Brown was following the vehicle in front of him too closely, particularly considering the sun shining in Brown's eyes.

Brown admitted at trial that he was guilty of the four types of DUI and that he possessed the marijuana. He presented a two-fold defense against the vehicular homicide charges: first, he should be acquitted under the doctrine of accident[10] because the blinding sun (made even more glaring by ice and snow on the sides of the road), not any traffic violations, had caused the collision; second, at most he

---

[1] OCGA § 40-6-49 (a).
[2] OCGA § 40-6-48 (1).
[3] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[4] OCGA § 40-6-393 (a).
[5] See OCGA § 40-6-391 (a).
[6] OCGA § 40-6-394.
[7] OCGA § 16-13-2 (b).
[8] OCGA § 40-6-49 (a).
[9] OCGA § 40-6-48 (1).
[10] OCGA § 16-2-2.

should only be convicted of second degree vehicular homicide,[11] because his traffic violation of following the vehicle in front of him too closely (particularly considering the blinding sun), not his DUI, caused the collision. He submitted written jury charges on second degree vehicular homicide based on following too closely, failing to maintain lane, and a combination of these two traffic offenses.

The trial court refused to give any of the requested instructions on second degree vehicular homicide, despite repeated arguments and objections by Brown. The jury found Brown guilty on the four counts of first degree vehicular homicide that were based on alcohol alone, on the two counts of DUI that were based on alcohol alone, on the marijuana possession count, on the count of following too closely, and on the count of failing to maintain his lane. The court merged the two DUI counts as well as the two first degree vehicular homicide (DUI per se) counts into the two first degree vehicular homicide (DUI less safe) counts and sentenced Brown to thirty years (to serve twenty) on the vehicular homicide counts, one year (to run concurrently) on the marijuana possession count, one year probation (to run consecutively) on the following too closely count, and one year probation (to run consecutively) on the failure to maintain lane count. Following the denial of his motion for new trial, Brown appeals, challenging the first degree vehicular homicide convictions only.

OCGA § 40-6-393 (a) defines first degree vehicular homicide as causing the death of another person through the violation of certain specified traffic laws (DUI, hit and run, reckless driving, passing school bus, eluding an officer); OCGA § 40-6-393 (c) defines it to also include causing the death of another person by operation of a motor vehicle while one's license is revoked for being a habitual violator. OCGA § 40-6-393 (b) defines the lesser offense of second degree vehicular homicide as causing the death of another person by violating any Title 40 traffic law not referenced in OCGA § 40-6-393 (a). Because the difference between first and second degree vehicular homicide is the culpability of the predicate traffic offense, second degree vehicular homicide is considered a lesser included offense of first degree vehicular homicide. *Hayles v. State*.[12]

"A written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." (Punctuation omitted.) *Edwards v. State*.[13] Accordingly, a written request to instruct the jury on second degree vehicular homicide must be given in a case charging first

---

[11] OCGA § 40-6-393 (b).

[12] *Hayles v. State*, 180 Ga. App. 860, 861 (3) (350 SE2d 793) (1986).

[13] *Edwards v. State*, 264 Ga. 131, 132 (442 SE2d 444) (1994).

degree vehicular homicide if there is any evidence showing that a less culpable traffic offense caused the fatal collision. *Hayles,* supra, 180 Ga. App. at 861-862 (3). Specifically, where some evidence shows that the defendant "committed an act of following too closely, a traffic violation 'other than' the more culpable offense of DUI," and that such may have caused the collision and resulting death, the fact that the defendant may have also committed a DUI does not "demand a finding that the DUI was the sole proximate cause of the collision and of the victim's death." Id. Indeed, because the State must prove that the more culpable traffic offense caused the death, *Henry v. State,*[14] a jury could believe that a defendant was guilty of DUI but that the DUI did not cause the particular death. *Davis v. State.*[15] "Instead, a jury might conclude that some other traffic offense caused a particular victim's death." Id. Under such circumstances, there is "no evidentiary or legal impediment to the return of a verdict of guilt as to DUI and a verdict of guilt as to second degree vehicular homicide. The trial court err[s] in refusing to give appellant's request to charge on second degree vehicular homicide." *Hayles,* supra, 180 Ga. App. at 862 (3). See *Lefler v. State*[16] (reversing first degree vehicular homicide conviction where court refused charge on second degree even though some evidence showed collision may have been caused by speeding or failing to obey a traffic signal). *Lyons v. State,*[17] which involved the status offense of being a habitual violator, and *Beaman v. State,*[18] which is nonbinding precedent and in which there was no suggestion that any offense other than DUI caused the victim's death, are distinguishable.

Here, there was repeated testimony (even from State witnesses) that Brown was following the vehicle in front of him too closely (particularly considering the blinding sun in his eyes) and that such caused him to strike that vehicle and to turn his vehicle into oncoming traffic. This evidence not only showed that Brown committed the less culpable offenses of following too closely and of failing to maintain his lane, but *Brown was even charged with and convicted of these offenses* (*Lefler,* supra, 210 Ga. App. at 610-611 (2), held that a defendant did not have to be charged with, let alone convicted of, the less culpable offense). As in *Hayles* and *Lefler,* we have no choice but to reverse the trial court's denial of Brown's motion for new trial on the first degree vehicular homicide counts. We do not address the unchallenged

---

[14] *Henry v. State,* 284 Ga. App. 893, 895-897 (645 SE2d 32) (2007).

[15] *Davis v. State,* 245 Ga. App. 402, 403 (1) (538 SE2d 67) (2000).

[16] *Lefler v. State,* 210 Ga. App. 609, 610-611 (2) (436 SE2d 777) (1993).

[17] *Lyons v. State,* 248 Ga. App. 59, 59-61 (1) (545 SE2d 614) (2001).

[18] *Beaman v. State,* 161 Ga. App. 129, 131 (4) (291 SE2d 244) (1982) (physical precedent only).

convictions on the other counts other than to say that to the extent Brown on retrial is convicted of second degree vehicular homicide, any convictions for the traffic offense or offenses underlying the second degree vehicular homicide would be merged into the second degree vehicular homicide conviction. See *Gilpatrick v. State*.[19]

*Judgment reversed. Ruffin and Bernes, JJ., concur.*

DECIDED OCTOBER 9, 2007.

*Whitmer & Law, George H. Law III, Nicki N. Vaughan, David C. Abbott*, for appellant.

*Lee Darragh, District Attorney, Alison W. Toller, Gregory E. Radics, Assistant District Attorneys*, for appellee.

---

[19] *Gilpatrick v. State*, 226 Ga. App. 692, 695 (487 SE2d 461) (1997).