## A11A1647. CROWE v. THE STATE.
(724 SE2d 831)

ANDREWS, Judge.

After a bench trial on a multi-count indictment arising from a single-car automobile accident, Christina Renee Crowe was found guilty and sentenced for the following offenses: homicide by vehicle in the first degree in violation of OCGA § 40-6-393 (a) (count 1); homicide by vehicle in the second degree in violation of OCGA § 40-6-393 (c) (count 5); serious injury by vehicle in violation of OCGA § 40-6-394 (count 3); driving under the influence of alcohol with an alcohol concentration of 0.08 grams or more in violation of OCGA § 40-6-391 (a) (5) (count 6); driving under the influence of alcohol to the extent that it was less safe to drive in violation of OCGA § 40-6-391 (a) (1) (count 7); six counts of endangering a child under the age of 14 years in violation of OCGA § 40-6-391 (l) (counts 8, 9, 10, 11, 12, and 13); failure to maintain lane in violation of OCGA § 40-6-48 (1) (count 14); driving on the wrong side of the roadway in violation of OCGA § 40-6-40 (count 15); and possession of an open alcoholic beverage container in the passenger area of a motor vehicle, while operating the vehicle, in violation of OCGA § 40-6-253 (count 16).

On appeal, Crowe contends that the trial court erred by denying her pre-trial motion to suppress evidence of test results showing her blood-alcohol level after the accident; that trial counsel was ineffective; that the court erred by denying her post-conviction motion for independent blood sample testing; that the court should have merged certain counts; and that the court imposed an illegal sentence on count 16. For the following reasons, we affirm in part, vacate in part, and remand with directions to merge various counts and to re-sentence.

At the bench trial, the State and Crowe stipulated to the following evidence: On November 7, 2008, Crowe was driving her automobile southbound on Highway 162 in Newton County with three passengers in the back seat: her two-month-old child Sydnie Crowe, and two children of a friend, seven-year-old Bobby Couch and four-year-old James Couch. At approximately 12:40 p.m., Crowe's automobile veered off the roadway onto the west shoulder of the road with the right side tires; then veered back onto the roadway and traveled across the southbound and northbound lanes; then left the roadway onto the east shoulder, rotated clockwise, and crashed into a tree at the rear side passenger door. As a result of the crash, Bobby Couch suffered blunt force head trauma which caused his death, and Sydnie Crowe suffered severe traumatic brain injury and skull fractures. James Couch was not severely injured. From the scene of the accident, Christina Crowe was flown by medical helicopter to

Atlanta Medical Center. The helicopter flight crew told an investigating Georgia State Trooper, Jeremiah Slayton, that they smelled alcohol about Crowe's person, and a witness, Joseph Walden, told Trooper Slayton that he smelled alcohol about Crowe's person prior to her leaving a house with the children at approximately 12:30 p.m. Another trooper, Fred Moon, traveled to Atlanta Medical Center to evaluate Christina Crowe, arrived at about 4:17 p.m. and detected that Crowe had the odor of alcohol about her person and had glassy eyes and slurred, slow speech. After the implied consent notice for suspects over 21 was read to Crowe and a blood test requested, Crowe agreed to submit to testing, and a blood sample was taken from Crowe at 5:30 p.m. An analysis of the blood sample performed by a forensic toxicologist showed that Crowe's blood contained 0.207 grams of alcohol per 100 milliliters. A search of Crowe's automobile after the accident revealed a clear plastic bottle containing 77 proof alcohol in the driver's floorboard. In her defense, Crowe presented additional evidence: Crowe's husband testified that he saw her between 11:15 a.m. and 11:30 a.m on the day of the accident and that she did not smell of alcohol and he did not notice any sign that she was intoxicated. Two of Crowe's relatives testified that they arrived at Atlanta Medical Center between 5:00 p.m. and 5:30 p.m. on the day of the accident; that they visited with Crowe until about 8:00 p.m.; and that they did not notice any smell of alcohol on her person nor any sign that she was intoxicated. A Newton County fireman testified that he stopped at the scene of the accident before Crowe was removed from the automobile, checked her vital signs, and did not smell alcohol or see signs of intoxication.

1. Construed in the light most favorable to the guilty verdicts, we find that the evidence was sufficient for a rational trier of fact to find Crowe guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Crowe contends that, because there was no probable cause to believe that she was driving under the influence of alcohol at the time of the fatal accident, the blood sample Trooper Moon obtained from her pursuant to the implied consent provisions of OCGA § 40-5-55 (a) was taken by an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution (and comparable provisions of the Georgia Constitution), and that the trial court erred by denying her pre-trial motion to suppress the results of blood-alcohol testing done on the sample.

Under OCGA § 40-5-55 (a),

> any person who operates a motor vehicle upon the highways or elsewhere throughout this state shall be deemed to have given consent, subject to Code Section 40-6-392, to a

chemical test or tests of his or her blood, breath, urine, or other bodily substances for the purpose of determining the presence of alcohol or any other drug . . . if such person is involved in any traffic accident resulting in serious injuries or fatalities.

"[T]o the extent that OCGA § 40-5-55 (a) requires chemical testing of the operator of a motor vehicle involved in a traffic accident resulting in serious injuries or fatalities regardless of any determination of probable cause, it authorizes unreasonable searches and seizures in violation of the State and Federal Constitutions." *Cooper v. State*, 277 Ga. 282, 291 (587 SE2d 605) (2003). But

> where an individual has been involved in a traffic accident resulting in serious injuries or fatalities *and* the investigating law enforcement officer has probable cause to believe that the individual was driving under the influence of alcohol or other drugs, the constitutional infirmities at play in *Cooper* are no longer present, and the ensuing search [and seizure of blood pursuant to OCGA § 40-5-55 (a)] is both warranted and constitutional.

*Hough v. State*, 279 Ga. 711, 713 (620 SE2d 380) (2005). Moreover, "nothing in OCGA § 40-5-55 requires a DUI suspect to be arrested in order to trigger his or her implied consent to testing following a traffic accident resulting in serious injuries or fatalities." Id. at 714.

Testimony at the hearing on the motion to suppress shows that, while investigating the accident, Trooper Slayton gathered information from the helicopter crew who transported Crowe from the accident scene and from Walden, who observed Crowe just prior to the accident, indicating that Crowe smelled of alcohol before and after the accident; that based on this information Trooper Slayton told Trooper Moon that alcohol may have been involved in the accident and asked Trooper Moon to evaluate Crowe at the Atlanta Medical Center; and that Trooper Moon did so and observed that Crowe smelled of alcohol and had glassy eyes and slurred speech. The information gathered by both troopers, including direct observation of Crowe and reports from others who observed Crowe before and after the accident, was more than sufficient to support the trial court's conclusion that the troopers had probable cause to believe that Crowe was driving under the influence of alcohol at the time of the accident. *Hulsey v. State*, 284 Ga. App. 461, 464 (643 SE2d 888) (2007) (hearsay evidence may also establish the existence of probable

cause). Accordingly, Trooper Moon had a sufficient basis to obtain a blood sample from Crowe for testing pursuant to OCGA § 40-5-55 (a), and the trial court did not err by denying the motion to suppress.

3. Crowe claims that the trial court should have granted her motion for a new trial because her trial counsel was ineffective by failing to present additional evidence to support her defense that there was no probable cause to believe that she was driving under the influence of alcohol at the time of the accident.

> To obtain reversal of a conviction based on a claim of ineffective assistance of counsel, a defendant has the burden of proving that counsel's performance was deficient, and that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Terry v. Jenkins*, 280 Ga. 341, 342 (627 SE2d 7) (2006). To establish deficient performance, a defendant must show that counsel's performance fell below an objective standard of reasonableness under the circumstances confronting counsel at the time without resorting to hindsight. *Strickland*, 466 U. S. at 689-690; *Franks v. State*, 278 Ga. 246, 250 (599 SE2d 134) (2004). In considering adequacy of performance, trial counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U. S. at 690. "A claim of ineffective assistance of counsel is a mixed question of law and fact: we accept the trial court's factual findings unless clearly erroneous, but we independently apply the legal principles to the facts." *Franks*, 278 Ga. at 250.

*Connelly v. State*, 295 Ga. App. 765, 768-769 (673 SE2d 274) (2009). Applying these standards, we find that the trial court correctly denied the motion for new trial because counsel was not ineffective or, if counsel was ineffective, Crowe failed to show harm.

Crowe contends that trial counsel should have produced the helicopter crew's written report because the report failed to note that Crowe smelled of alcohol, and that counsel should have interviewed the members of the crew. Crowe produced the written report, which did not state whether or not the crew members smelled alcohol on Crowe's person, and did not contradict Trooper Slayton's testimony that the helicopter crew told him that they noticed alcohol on Crowe's person. Because Crowe did not produce the helicopter crew or any other witness to contradict Trooper Slayton's testimony, she failed to show that trial counsel was ineffective on this basis.

Crowe claims that trial counsel should have challenged as inaccurate the statement attributed to Walden — that he smelled alcohol on her prior to the accident. To support this claim, Crowe produced Walden to testify at the motion for new trial, but Walden testified that he told Trooper Slayton that he smelled alcohol coming from Crowe's person. Crowe failed to show that counsel was ineffective on this basis.

At the motion for new trial, Crowe produced her medical records for treatment she received after the accident and contends that trial counsel should have produced the records because they showed: (1) that she suffered injuries and was given medication that explained why she exhibited the glassy eyes and slurred speech observed by Trooper Moon; and (2) that hospital personnel did not make written notes in the records that she showed signs of alcohol intoxication. Even if counsel was ineffective for not producing the records, other evidence that witnesses smelled alcohol on Crowe's person before and after the accident provided a sufficient basis for the trial court to find that Trooper Moon had probable cause to believe that Crowe was driving under the influence of alcohol at the time of the accident. Accordingly, Crowe did not carry her burden of proving that, but for counsel's deficient performance, there was a reasonable probability the outcome of the trial would have been different.

4. Crowe claims that the trial court erred by denying her post-conviction motion for an order compelling the State to produce the blood sample obtained pursuant to OCGA § 40-5-55 (a) so that she could have the sample tested by independent experts to establish that the State's pre-trial testing was inaccurate and that she was not driving under the influence of alcohol.

In the motion, Crowe argued that, given her contention that she was not under the influence of alcohol at the time of the accident, it was a chemical impossibility that her blood-alcohol level would measure 0.207 grams of alcohol per 100 milliliters, as shown by the State's testing, and that there must have been confusion or contamination of blood samples, or that her medical treatment after the accident must have invalidated the testing. The record shows that, in conjunction with the bench trial, Crowe, her attorney, and the prosecutor signed and authorized written stipulations of fact for the express purpose of dispensing with proof of the agreed facts, and which amounted to conclusively binding admissions in judicio as to such facts. *Dryer v. State*, 205 Ga. App. 671, 673 (423 SE2d 297) (1992). One of the statements of stipulated fact provided: "Forensic Toxicologist Carla Turner performed an analysis on the blood sample submitted and the results showed that the blood sample contained 0.207 (+/-0.007) grams of alcohol per 100 ml." In reliance on the stipulations of fact at the bench trial, the State presented no

evidence establishing the procedures by which the sample was obtained, the chain of custody of the sample, or the testing procedures. Nothing shows that the stipulation was the result of fraud or mistake. "The general rule as to stipulations is that once made in the course of judicial proceedings an estoppel results unless the complaining party can show fraud or mistake." Id. at 672. The trial court did not err by finding that the stipulation was a binding admission and by denying the motion to compel production of the sample for post-conviction testing.

5. We agree with Crowe that some of the offenses on which she was convicted and sentenced merged with other offenses.

(a) Count 7, under which Crowe was convicted of driving under the influence of alcohol to the extent it was less safe for her to drive, in violation of OCGA § 40-6-391 (a) (1), merged into count 6, under which she was convicted of driving while her alcohol concentration (from alcohol consumed before driving) was 0.08 grams or more within three hours after such driving ended, in violation of OCGA § 40-6-391 (a) (5). *Schlanger v. State*, 290 Ga. App. 407, 415 (659 SE2d 823) (2008).

(b) Count 9, under which Crowe was convicted of endangering a child under the age of 14 years, Bobby Couch, in violation of OCGA § 40-6-391 (l), while driving in violation of OCGA § 40-6-391 (a) (1), merged into count 8, under which she was convicted of endangering the same child, in violation of OCGA § 40-6-391 (l), while driving in violation of OCGA § 40-6-391 (a) (5). *Slayton v. State*, 281 Ga. App. 650 (637 SE2d 67) (2006).

(c) Count 11, under which Crowe was convicted of endangering a child under the age of 14 years, Sydnie Crowe, in violation of OCGA § 40-6-391 (l), while driving in violation of OCGA § 40-6-391 (a) (1), merged into count 10, under which she was convicted of endangering the same child, in violation of OCGA § 40-6-391 (l), while driving in violation of OCGA § 40-6-391 (a) (5). *Slayton*, supra.

(d) Count 13, under which Crowe was convicted of endangering a child under the age of 14 years, James Couch, in violation of OCGA § 40-6-391 (l), while driving in violation of OCGA § 40-6-391 (a) (1), merged into count 12, under which she was convicted of endangering the same child, in violation of OCGA § 40-6-391 (l), while driving in violation of OCGA § 40-6-391 (a) (5). *Slayton*, supra.

(e) Count 6, under which Crowe was convicted of driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (5), merged into count 1, under which she was convicted of homicide by vehicle in the first degree, in violation of OCGA § 40-6-393 (a), through a violation of OCGA § 40-6-391 (a) (5). *Daniel v. State*, 298 Ga. App. 245, 248-249 (679 SE2d 811) (2009).

(f) Count 14, under which Crowe was convicted of failure to

maintain lane in violation of OCGA § 40-6-48 (1), merged into count 5, under which she was convicted of homicide by vehicle in the second degree, in violation of OCGA § 40-6-393 (c), by violating OCGA § 40-6-48 (1). *Brown v. State*, 287 Ga. App. 755, 759 (652 SE2d 631) (2007).

(g) Count 5, under which Crowe was convicted of homicide by vehicle in the second degree, in violation of OCGA § 40-6-393 (c), merged into count 1, under which she was convicted of homicide by vehicle in the first degree, in violation of OCGA § 40-6-393 (a). *Hayles v. State*, 180 Ga. App. 860, 861 (350 SE2d 793) (1986); *Curtis v. State*, 275 Ga. 576, 577 (571 SE2d 376) (2002), overruled in part on other grounds, *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010).

Accordingly, Crowe's convictions and sentences on counts 5, 6, 7, 9, 11, 13, and 14 are vacated by operation of law. *Hayles*, supra; Curtis, supra; *Bryan v. State*, 271 Ga. App. 60, 64-65 (608 SE2d 648) (2004). In light of this ruling, the sentences on the surviving convictions on counts 1, 3, 8, 10, 12, 15, and 16 are also vacated, and the case is remanded for the trial court to merge the convictions in accordance with this opinion, and to re-sentence Crowe on the surviving convictions. *Ratledge v. State*, 253 Ga. App. 5, 7 (557 SE2d 458) (2001); *Mack v. State*, 283 Ga. App. 172, 175-176 (641 SE2d 194) (2007).

*Judgment affirmed in part and vacated in part, sentences vacated, and case remanded for re-sentencing. Phipps, P. J., and McFadden, J., concur.*

DECIDED MARCH 2, 2012.

*Alixe E. Steinmetz*, for appellant.
*Layla H. Zon, District Attorney, Anne M. Kurtz, Assistant District Attorney*, for appellee.