**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 16, 2012**

# In the Court of Appeals of Georgia

A12A1382. OTUWA v. THE STATE.

BRANCH, Judge.

On appeal from his conviction for first-degree vehicular homicide, driving under the influence (DUI), and reckless driving, Otuwa Otuwa argues that the trial court erred when it denied his request to charge the jury on the lesser included offense of second-degree vehicular homicide as to each of the six counts of first-degree vehicular homicide against him. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the

prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that in the early morning of August 3, 2008, Otuwa was driving at approximately 93 miles per hour down a residential road in Douglas County when he lost control of the car, crashed through a stop sign and a street sign, left the roadway, and rolled over repeatedly. The posted speed limit was 45 miles per hour. Otuwa's sister and another passenger were ejected from the vehicle and died of their injuries. Otuwa and a third passenger survived without major injury.

Police responding to the scene noted that Otuwa smelled strongly of alcohol and that his eyes were bloodshot and glassy. A preliminary breath test showed that Otuwa had been drinking, and his blood alcohol level was shown to be at least 0.175 grams, nearly twice the legal limit. Otuwa also had a prior arrest for DUI in Illinois. The evidence also showed that Otuwa had not applied his brakes during the eight seconds preceding the crash. In the indictment, Otuwa was charged with a total of nine counts: two counts each of first-degree vehicular homicide by less-safe DUI, by per-se DUI, and by reckless driving; and less-safe and per-se DUI and reckless driving.

At trial, Otuwa filed a written request for a jury charge on the lesser-included offense of second-degree vehicular homicide by speeding as to each of the six first-degree vehicular homicide charges. After an extensive discussion of this request with both counsel on the record before the start of trial, the trial court ruled that it would charge second-degree vehicular homicide by speeding as a lesser included offense only as to the reckless driving first-degree vehicular homicide counts.[1] It then charged the jury in relevant part as follows:

> As to Count 3 and Count 6, which charge the defendant with homicide – I'm going to say first-degree homicide, first-degree homicide by vehicle by causing the death – the deaths of [the victims] while driving a vehicle in reckless disregard for the safety of others, you may consider the lesser included offense of homicide by vehicle in the second degree. As you can see from the indictment, those counts allege that the defendant caused the deaths of these individuals while driving a vehicle in reckless disregard for the safety of other persons or property. If you do not find by a reasonable doubt that the defendant caused these deaths while driving in a reckless disregard – in reckless disregard for the safety of others but do find that he caused these deaths while speeding, then you would be authorized to find the defendant guilty of the lesser offense of homicide by vehicle in the second degree. This instruction does not apply to the other counts of the indictment.

---

[1] The trial court also charged speeding as a lesser included offense of reckless driving.

3

Otuwa preserved his objection to the court's refusal to provide the charge of second-degree vehicular homicide as a lesser included offense of the four other counts of first-degree vehicular homicide.

The jury returned a verdict of guilty on all nine charges. As to both first-degree counts where second-degree vehicular homicide was presented as an option, the jury found Otuwa guilty of first-degree vehicular homicide. The jury also returned a guilty verdict on the counts of DUI and reckless driving.[2] The trial court merged the four remaining first-degree vehicular homicide counts as well as the underlying DUI and reckless driving counts into two first-degree vehicular homicide by less-safe DUI counts.

1. The evidence outlined above was more than sufficient to sustain Otuwa's conviction for first-degree vehicular homicide by less-safe DUI. OCGA §§ 40-6-393 (a) (defining first-degree vehicular homicide as causing "the death of another person" by violating statutes including OCGA § 40-6-391 [the DUI statute]); *Jackson*, supra.

2. Otuwa's only argument on appeal is that because the evidence supported a charge on second-degree vehicular homicide by speeding, the trial court erred when

---

[2] The jury refused to select the lesser included offense of speeding as to the reckless driving count.

4

it refused to charge the jury on this crime as a lesser included offense of all six of the first-degree vehicular homicide counts against him. We disagree.

OCGA § 40-6-393 distinguishes between first-degree and second-degree vehicular homicide according to the severity of the underlying traffic offense. As we explained in *Hayles v. State*, 180 Ga. App. 860 (350 SE2d 793) (1986):

> The act of causing the death of another by commission of a traffic violation is necessary to constitute the crime in either case. The law considers, however, that causing the death by commission of certain traffic violations is attended with more immediate and serious consequences than causing the death by commission of any other traffic offenses; and therefore it is, that a distinction is made in the punishment.

(Citation and punctuation omitted.) Id. at 861 (3). Specifically, first-degree vehicular homicide requires a showing that a defendant was either DUI or driving recklessly at the time of a given accident, while second-degree vehicular homicide requires only that a defendant committed a less serious traffic offense such as speeding. See OCGA § 40-6-393 (a) (referring to offenses including reckless driving and DUI as prerequisites for first-degree vehicular homicide), (c) (referring to a violation of "any provision of this title other than" those specified in subsection (a) as a prerequisite for second-degree vehicular homicide).

The trial court cited this Court's decision in *Hill v. State*, 285 Ga. App. 503 (646 SE2d 718) (2007), as authority for its decision to accept only Otuwa's request that the jury be charged on second-degree vehicular homicide by speeding as a lesser included offense of the first-degree vehicular homicide by reckless driving counts, but to deny his request to charge on second-degree vehicular homicide as a lesser included offense of the four first-degree vehicular homicide by DUI charges. Like Otuwa, the defendant in *Hill* was charged with first-degree vehicular homicide by both reckless driving and DUI. Id. at 504. As the court in *Hill* properly noted, if a jury finds a defendant guilty of vehicular homicide and that either DUI or reckless driving – two of the statutory bases that support a first-degree vehicular homicide charge – was the cause of the vehicular homicide, then it follows that the defendant "must be guilty of first degree, and not second degree, vehicular homicide." Id. at 506 (3). In this case, the jury did just that by finding Otuwa guilty of not only vehicular homicide but also reckless driving (not speeding) and less-safe DUI. Accordingly, the jury's verdict of first-degree vehicular homicide was proper. Nor does the abolition of the inconsistent verdict rule, see *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986), have any application here when the jury could have returned an inconsistent verdict by

finding Otuwa guilty of DUI or reckless driving, not guilty of first-degree vehicular homicide, and guilty of second-degree vehicular homicide by speeding.

Additionally, and as in *Hill*, this jury was given the option, which it refused to select, of returning a guilty verdict on second-degree vehicular homicide as a lesser included offense based on testimony supporting a conclusion that his rate of speed was not high enough to authorize a finding of reckless driving but sufficient to authorize a finding of speeding. See *Hill*, supra at 504, 506 (3). As no such option was given in any of the cases Otuwa cites as supporting reversal, these cases are inapposite. See *Brown v. State*, 287 Ga. App. 755, 758-759 (652 SE2d 631) (2007) (trial court refuses to give any of defendant's requested charges on second-degree vehicular homicide as a lesser included offense of first-degree vehicular homicide); *Lefler v. State*, 210 Ga. App. 609, 610-611 (2) (436 SE2d 777) (1993) (same); *Hayles*, 180 Ga. App. at 862 (3) (same). Taken as a whole, the trial court's charge authorized the jury to reach the conclusion that Otuwa was guilty of DUI and, at the same time, that speeding rather than DUI was the "sole proximate cause of the collision and of the victim's death" such that he was guilty of second- rather than first-degree vehicular homicide. The charge was therefore proper.

*Judgment affirmed. Miller, P.J., and Ray, J., concur.*