**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 7, 2017**

# In the Court of Appeals of Georgia

A17A1252. SMITH v. THE STATE.

RICKMAN, Judge.

Following a jury trial, Quincy Alexander Smith was convicted of homicide by vehicle in the first degree for causing the death of another person while driving with an alcohol concentration of 0.08 grams or more (DUI-per se). He argues, among other things, that the trial court committed reversible error in refusing to charge the jury on the lesser included offense of homicide by vehicle in the second degree and in admitting extrinsic act evidence. For the following reasons, we reverse Smith's conviction and remand this case for a new trial.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence or judge the credibility of the witnesses, but determine only

whether the evidence authorized the jury to find the defendant guilty of the crimes beyond a reasonable doubt in accordance with the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LEd2d 560) (1979).

(Citation omitted.) *Laster v. State*, 340 Ga. App. 96, 97 (796 SE2d 484) (2017).

So construed, the evidence adduced at trial showed that shortly after 7:00 a.m. on March 1, 2015, Smith was returning home from dropping off his wife and children at a friend's house. There was a light, misty rain and a low fog at that time. Upon returning to his subdivision, Smith turned left into the path of a motorcycle being driven by the victim, resulting in the motorcycle colliding with the rear passenger side of Smith's vehicle. The victim was killed in the collision.

The ensuing investigation revealed that Smith had been consuming alcohol the previous night and had returned home sometime between 2:00 and 3:00 a.m. He slept before being awakened to transport his wife and children.

Although Smith exhibited no visual signs of impairment at the scene, several law enforcement officers noticed an odor of alcohol emanating from his person and he admitted to having consumed alcohol sometime prior to the collision. A state trooper conducted field sobriety tests at the scene and concluded that Smith was driving under the influence of alcohol to the extent that he was less safe to drive

2

(DUI-less safe), and a blood test conducted more than an hour after the incident revealed Smith's alcohol content to be .136.

Smith was arrested and charged with homicide by vehicle in the first degree for causing the death of another person while DUI-per se, homicide by vehicle in the first degree for causing the death of another person while DUI-less safe, and one count each of DUI–per se and DUI-less safe. See OCGA §§ 40-6-391 (a) (2); 40-6-391 (a) (5); 40-3-393 (a).

During the ensuing trial, the trial court admitted, over Smith's objection, extrinsic act evidence related to a prior arrest. Specifically, the State presented evidence that approximately eight months prior to the instant collision, a police officer had observed Smith driving around 6:00 a.m. with what appeared to be a road sign embedded into the front of the vehicle. Smith's windshield contained spiderweb-type cracking and Smith had a visible wound on his head. Although the officer smelled an odor of alcohol emanating from Smith and he admitted to drinking alcohol two hours prior, Smith refused to submit to a State-administered test, and field sobriety tests were not conducted due to his head injury. Smith was arrested and originally accused of reckless driving. After he was indicted in the instant case,

however, the prosecuting attorney amended the accusation and charged Smith with DUI-less safe.

In his written requests to charge, Smith requested that the jury be permitted to consider the lesser included offense of second degree vehicular homicide, and argued during the charge conference that there was some evidence from which the jury could conclude that the victim's death was caused by Smith's failure to yield as opposed to his DUI. The State objected, and the trial court refused to give the charge. Smith preserved his objection to the trial court's failure to give the charge.

The jury found Smith guilty on all charges, and the trial court merged the latter three charges into his conviction for first-degree vehicular homicide while DUI-per se for sentencing purposes. This appeal follows.

1. Smith contends that the trial court erred in refusing to charge the jury on the lesser included offense of vehicular homicide in the second degree pursuant to OCGA § 40-6-393 (c). We agree.

Under Georgia law, one commits the offense of vehicular homicide in the first degree when he or she, without malice aforethought, causes the death of another person through the violation of certain specified traffic laws, including DUI. See OCGA § 40-6-383 (a). The offense of vehicular homicide in the second degree is

committed when one, without an intention to do so, causes the death of another person by violating any other Title 40 traffic law not specified in OCGA § 40-6-383 (a). See OCGA § 40-6-393 (c). "Because the difference between first and second degree vehicular homicide is the culpability of the predicate traffic offense, second degree vehicular homicide is considered a lesser included offense of first degree vehicular homicide." *Brown v. State*, 287 Ga. App. 755, 757 (652 SE2d 631) (2007); see *Hayles v. State*, 180 Ga. App. 860, 861 (3) (350 SE2d 793) (1986).

When prosecuting a first-degree vehicular homicide case, the burden is on the State to establish a causal connection between the defendant's violation of the applicable traffic offense–in this case the DUI–and the victims death. See *Miller v. State*, 236 Ga. App. 825, 828 (1) (513 SE2d 27) (1999). That is to say, "the State must prove that the defendant's conduct [in violating OCGA § 40-6-391] was the 'legal' or 'proximate' cause, as well as the cause in fact, of the death." (Footnote omitted.) Id. at 828 (2).

Additionally, "a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." (Citation and punctuation omitted.) *Shah v. State*, 300 Ga. 14, 19 (2) (793 SE2d 81) (2016); accord *Allaben v. State*, 299 Ga. 253, 257 (3) (a) (787 SE2d 711)

(2016). In the context of a vehicular homicide charge premised upon DUI, an instruction on second degree vehicular homicide must be given "if there is any evidence showing that a less culpable traffic offense caused the fatal collision." *Brown*, 287 Ga. App. at 757-758. Significantly, a defendant need not "be charged with a traffic offense involving less culpable conduct before a charge on vehicular homicide in the second degree is authorized." *Lefler v. State*, 210 Ga. App. 609, 610-611 (2) (436 SE2d 777) (1993).

Here, although there was sufficient evidence to authorize Smith's conviction of vehicular homicide in the first degree in the manner charged, there was also evidence that he committed the separate traffic offense of failing to yield and that this less-culpable traffic violation may have caused the collision resulting in the victim's death. See OCGA § 40-6-71 ("The driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard."). Indeed, the investigating officer testified that Smith "turn[ed] in front of the motorcycle causing the motorcycle to hit the passenger's side," and the State's accident reconstruction expert testified as to his conclusion that Smith "failed to yield [the] right of way while turning left."

6

> [When] some evidence shows that [Smith] committed an act of [failing to yield], a traffic violation 'other than' the more culpable offense of DUI, and that such may have caused the collision and resulting death, the fact that [Smith] may have also committed a DUI does not demand a finding that the DUI was the sole proximate cause of the collision and of the victim's death.

(Citation and punctuation omitted.) *Brown*, 287 Ga. App. at 758. Because the State must prove that the more culpable traffic offense actually caused the victim's death, a jury could believe that Smith was guilty of DUI, but nevertheless conclude that the victim's death was caused by Smith's failure to yield. Id. "Under such circumstances, there is no evidentiary or legal impediment to the return of a verdict of guilt as to DUI and a verdict of guilt as to second degree vehicular homicide." (Citation and punctuation omitted.) Id. Consequently, the trial court erred in refusing to give Smith's request to charge on second degree vehicular homicide. See id. (remanding for a new trial after concluding that the trial court erred in failing to give second-degree vehicular homicide charge when there was evidence to support a finding that the victim's death was caused by appellant's commission of the less-culpable traffic offense of following too closely); *Lefler*, 210 Ga. App. at 610-11 (2) (holding the trial court committed reversible error in failing to charge on second-degree vehicular

7

homicide despite evidence that the victim's death may have resulted from defendant's speeding and/or failing to obey a traffic signal, though neither traffic offense was charged); *Hayles*, 180 Ga. App. at 860-861 (3) (granting appellant a new trial because the trial court failed to charge the jury on vehicular homicide in the second degree and "[t]he evidence did not . . . demand a finding that the DUI was the sole proximate cause of the collision and of the victim's death" when there was also evidence that appellant was following too closely).

We reject the State's argument that *Otuwa v. State*, 319 Ga. App. 339 (734 SE2d 273) (2012), requires a different result. In *Otuwa*, the trial court instructed the jury on second degree vehicular homicide by speeding as a lesser included of some, but not all, of the defendant's first degree vehicular homicide charges. Id. at 342 (2). Reversal was not required because the jury was given the opportunity to return a guilty verdict on second degree vehicular homicide, but declined to do so. Id. It was otherwise apparent by the verdict returned that the jury had considered and rejected any argument that the victim in that case died as a result of a lesser-culpable traffic offense committed by the defendant. Id. at 342-343 (2).

Accordingly, we reverse Smith's conviction and remand this case for a new trial. See *Brown*, 287 Ga. App. at 758; *Lefler*, 210 Ga. App. at 610-11 (2); *Hayles*, 180 Ga. App. at 860-861 (3).

2. Smith also asserts that the trial court erred in admitting extrinsic act evidence of his prior arrest that resulted in him being charged with DUI-less safe. The State argued that the evidence should be admitted to show "knowledge, intent, and absence of mistake or accident," and the trial court allowed it for those purposes.[1]

In the recent case of *Jones v. State*, ___ Ga. ___ (Case No. S16G0890, decided June 26, 2017), the Supreme Court of Georgia clarified the analysis applicable to the admissibility of extrinsic act evidence, and specifically evidence of prior DUI, under OCGA §§ 24-4-403 and 24-4-404 (b). *Jones* and the relevant cases discussed therein were issued after the trial in this case. On remand, the trial court should reexamine the admissibility of Smith's prior arrest, taking into consideration the discussion and analysis set forth in *Jones*.

---

[1] Notably, the State argued at trial and continues to argue on appeal that the evidence was necessary because Smith's defense of the collision was accident, and yet the State steadfastly objected to Smith's request to charge the jury on the defense of accident, and the trial court refused to give the charge.

3. In light of our holding in Division 1, we need not consider Smith's remaining enumerations of error.

*Judgment reversed and case remanded. Andrews, J., concurs. Ellington, P. J., concurs in judgment only.*